222

## CIRCUIT COURT OF FAIRFAX COUNTY

William Kirchner

v.

Krista McAninley

August 21, 2009

Case No. CL 2009-1628

BY JUDGE RANDY I. BELLOWS

The Court has received Defendant Krista McAninley's motion for reconsideration, as well as Plaintiff William Kirchner's response to the motion for reconsideration. Having reviewed both briefs, the Court finds that the motion for reconsideration is granted.

The issue before the Court is what statute of limitations governs a declaratory judgment action. The Supreme Court of Virginia in *Board of Supervisors v. Thompson Associates*, 240 Va. 133, 393 S.E.2d 201 (1990), held "the applicability of the statute of limitations is determined by the object of the litigation, not the form in which it is filed. If the law were otherwise, the statute of limitations could be rendered meaningless merely by the filing of a declaratory judgment action." 240 Va. at 139 (citations omitted). Therefore, the Court must determine the object of the litigation in this matter.

The Court finds that the underlying object of the litigation in this matter is a finding that the beneficiary designation form at issue in this case was procured by fraud. While the Court recognizes that Plaintiff is not specifically accusing any of the named defendants in this matter of forging the beneficiary designation form, he is asserting that the form should be found to be void because it is a forgery. Therefore, the Court finds that the underlying cause of action in this litigation is fraud.

Virginia Code § 8.01-243(A) provides that fraud carries a two year statute of limitations. Va. Code Ann. § 8.01-243(A) (2007). This statute of limitations begins to accrue from the date the fraud "is discovered or by the

exercise of due diligence reasonably should have been discovered." Va. Code Ann. § 8.01-249(1) (2007). Given that the alleged forgery occurred on May 31, 2006, and the complaint in this action was filed on February 5, 2009, it is possible that the statute of limitations in this action has elapsed. Therefore, the Court must determine the date that the fraud should have been discovered.

The Court directs the parties to go to calendar control and set this matter on the docket for an evidentiary hearing regarding the date that the alleged forgery should have been discovered by the exercise of due diligence.